JOHN J. McGAULEY, *Ex. et al.* FOR AN OPINION.

NOVEMBER 29, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto and Condon, JJ.

FLYNN, C. J. This is a proceeding wherein parties having adversary interests relating to the title to certain real estate have concurred in stating a special case for an opinion by this court in accordance with general laws 1938, chapter 528, § 20. The real estate, title to which is in question, is described in the statement of facts and formerly belonged to Ellen Mc-Gauley who executed her last will on August 13, 1931. By the second paragraph of this will the testatrix devised said realty "to my husband, Michael J. McGauley to have and to hold to him and his heirs and assigns forever in case he shall be living at the time of my decease. But in case my said husband, Michael J. McGauley shall not be living at the time of my decease, then in such event I give, devise and bequeath all the rest, residue and remainder of my estate aforesaid to my son, Francis E. McGauley of said Woon-socket to have and to hold to him and his heirs and assigns forever."

At the time this will was executed, the testatrix's husband Michael J. McGauley and her son Francis E. McGauley were both living. The son died May 25, 1935, before the testatrix, and left as his surviving issue Helen C. and Mary E. McGauley, who appear in these proceedings by their mother, their duly appointed guardian. The testatrix died March 6, 1939, leaving her husband Michael J. McGauley surviving. Her will was duly probated.

The parties have propounded two questions for our opinion but the issue underlying both is whether, by virtue of G. L. 1938, chap. 566, § 22, these two grandchildren inherited any interest in the realty in question, on the ground that the testatrix omitted to make provision for them in her will through accident or mistake. If that section is not applicable because the testatrix made provision in her will for them, or if there was an omission to make provision for them and such was intentional and not occasioned by accident or mistake, the answer to this basic question must be in the negative.

It is contended by the executor of the will of Michael J. McGauley that § 22 has no application here because there was, in contemplation of law, no omission by the testatrix to make provision in her will for the issue of her deceased son Francis. We agree with this contention. So far as it relates to this cause, § 22 by its terms becomes applicable only in the event that the "testator omits to provide in his will for . . . any issue of a deceased child of his dying after the execution of his will", and such omission was unintentional and occasioned by accident or mistake. But in the instant will the testatrix did not, in contemplation of law, omit to make provision for the issue of her deceased son. This is so because of the legal effect of § 30 of the same chapter, which reads:

> "When any person to whom any real or personal estate shall be devised or bequeathed for any estate or interest not determinable at or before the death of such person, shall die in the lifetime of the testator, leaving issue, and any such issue of such person shall be living at the time of the death of the testator, such devise or bequest shall not lapse, *but shall take effect and operate as a devise or bequest from such testator to such issue,* in such proportions as the estate of such devisee or legatee would go to them had he died intestate immediately after the death of the testator, unless a contrary intention shall appear by the will." (italics ours)

Applying the express terms of this section to the will, the provision made therein for the testatrix's son did not lapse, that is, fail, upon his death before the testatrix. Upon this point see *Winsor* v. *Brown,* 48 R. I. 200. Since no contrary intention appears by the will, such devise would "take effect and operate", by virtue of § 30, as a devise directly from the testatrix to the issue of her deceased son, contingent, however, upon her husband not surviving her. Her son's issue, in such circumstances, would take directly under the will by operation of law and not by inheritance. If the testatrix

506

made in her will a provision which operated, by virtue of § 30, as a devise directly to the issue of her deceased son, subject only to a contingency therein stated, it cannot reasonably be said that the testatrix, in contemplation of law, omitted to make any provision for the issue of her deceased son. In the absence of such an omission by the testatrix, § 22 does not apply in the instant cause.

Moreover, such issue have not now, under § 30, any title to or interest in the realty in question, because the contingency upon which they would receive that realty by operation of that section, namely, the testatrix's husband not surviving her, did not happen.

For these reasons, we are of the opinion that the entire title and interest of the testatrix in the realty in question passed under her will to her husband Michael J. McGauley unaffected by any title or interest claimed by Helen C. and Mary E. McGauley, children of Francis E. McGauley, by virtue of § § 22 or 30.

On December 11, 1940, the parties may present a form of decree in accordance with this opinion.

*Kennedy & Greene,* for John J. McGauley, *Ex.*